NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2007-1273


JOHN WLEKLINSKI (doing business as Comfort Strapp),

Plaintiff-Appellant,

v.


TARGUS, INC.,

Defendant-Appellee.


Dr. Gregory J. Gonsalves, Jenner & Block LLP, of Washington, DC, argued for plaintiff-appellant.

Kenneth B. Black, Stoel Rives LLP, of Salt Lake City, Utah, argued for defendant-appellee.  With him on the brief were Matthew D. Thayne and Cameron L. Sabin.

Appealed from:  United States District Court for the Central District of California

Judge Cormac J. Carney

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1273

JOHN WLEKLINSKI (doing business as Comfort Strapp),

Plaintiff-Appellant,

v.

TARGUS, INC.,

Defendant-Appellee.

---

DECIDED:  December 19, 2007

---

Before RADER, SCHALL, and PROST, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

## DECISION

John Wleklinski, dba Comfort Strapp ("Comfort Strapp"), appeals the March 21, 2007 decision of the United States District Court for the Central District of California granting summary judgment of non-infringement in favor of Targus, Inc. ("Targus") in Comfort Strapp's suit against Targus for infringement of U.S. Patent No. 4,976,388

("'388 patent") owned by Comfort Strapp. <u>Wleklinski v. Targus, Inc.</u>, No. 05-1143 (C.D. Cal. Mar. 21, 2007). We <u>affirm</u>.

DISCUSSION

I.

The invention claimed in the '388 patent is a strap assembly that has both stretchable and non-stretchable strap members. According to the patent's specification, in a preferred embodiment of the invention, a "resilient under strap member provides a shoulder pad having an under surface adapted to cushionably rest upon the shoulder of a wearer." '388 patent, col. 1, ll. 65–68. At the same time, an "auxiliary strap assembly is disposed above and in parallel relation to the shoulder pad." <u>Id.</u> at col. 1, l.68 – col. 2., l.1. The auxiliary strap assembly "includes first and second separate end sections made of a relatively non-stretchable material, and also a separate center section made of a material which is longitudinally stretchable." <u>Id.</u>, at col. 2, ll. 2–5. The construction of the strap assembly is completed with "[f]irst and second transverse stitch means" securing "the corresponding ends of the stretchable center section, as well as the inner ends of the first and second end sections of the auxiliary strap assembly, to the shoulder pad." <u>Id.</u>, at col. 2, ll. 5–9. The benefit of the strap assembly claimed in the '388 patent is that, when it is used in an item such as a book bag, the wearer experiences cushioning without excessive bouncing of the load being carried.

II.

In November of 2005, Comfort Strapp filed suit against Targus in the Central District of California, alleging both direct infringement and inducement of infringement of

independent claim 1 of the '388 patent. The accused products were several shoulder straps designed and marketed by Targus.

Claim 1 reads as follows:

A shoulder strap assembly having a limited amount of stretchability, comprising, in combination:

elongated resilient strap means having an under surface adapted to cushionably rest upon the shoulder of a wearer, and being adapted to support a load between its two ends;

auxiliary strap means disposed above and in parallel relation to said elongated resilient strap means, said auxiliary strap means including first and second separate end sections made of a relatively non-stretchable material, and also including a separate center section made of material which is longitudinally stretchable;

first and second transverse stitch means securing the inner ends of said first and second end sections of said auxiliary strap means both to the corresponding ends of said stretchable center section thereof, and to said elongated resilient strap means;

means securing the ends of said auxiliary strap means to respective ends of said elongated resilient strap means; and

separate load-attachment means secured to respective ends of said auxiliary strap means;

said strap assembly being responsive to the weight of a load such that the middle portion of said strap assembly between said first and second stitch means may stretch by a substantial amount, but said non-stretchable end sections of said auxiliary strap means prevent any substantial stretching of the end portions of said strap assembly.

The accused shoulder straps bear several common characteristics. Like the claimed invention, Targus's accused shoulder straps incorporate both a cushioned strap and an auxiliary strap. The auxiliary strap is made of a single unitary piece of inherently stretchable fabric that is folded over and cross-stitched to itself at each end, where it is attached to the cushioned strap.

In due course, Targus moved for summary judgment of non-infringement, arguing that its straps did not infringe claim 1 of the '388 patent because they did not meet the claim's "auxiliary strap means" and "first and second transverse stitch means" limitations. On March 21, 2007, the district court granted Targus's motion. After construing the two limitations at issue, the court ruled that the accused straps did not infringe either limitation literally or under the doctrine of equivalents. Wleklinski v. Targus, Inc., No. 05-1143, slip op. at 1 (C.D. Cal. Mar. 21, 2007). The court therefore entered judgment in favor of Targus on Comfort Strapp's claims of direct and induced infringement. Comfort Strapp now appeals from that judgment.

III.

We have jurisdiction over Comfort Strapp's appeal pursuant to 28 U.S.C. § 1295(a)(1). On appeal, Comfort Strapp contends that the district court erred in granting summary judgment of non-infringement in favor of Targus. Comfort Strapp argues that the district court erred in construing the "auxiliary strap means" and "first and second transverse stitch means" limitations of claim 1 of the '388 patent and that it misunderstood the structure of the accused Targus straps.

Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc). We "review the grant of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party." Teleflex, Inc. v. Ficosa N. Am. Corp., 299 F.3d 1313, 1323 (Fed. Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). Claim

construction is a question of law that this court reviews de novo. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc).

Because we conclude that the district court properly construed the "auxiliary strap means" limitation and that there is no genuine issue of material fact as to whether the accused straps infringe that limitation as properly construed, we affirm the district court's grant of summary judgment in favor of Targus, both as to direct infringement and inducement of infringement. Resolving the case on that basis, we do not reach the issues of the district court's construction of the "transverse stitch means" limitation and whether that limitation is met in the accused straps.

IV.

The district court construed the "auxiliary strap means" of Claim 1, which includes "first and second separate end sections made of a relatively non-stretchable material" and "a separate center section made of material which is longitudinally stretchable," to require that the "end sections and the center section be made of separate pieces of separate material." Thus, the court construed the limitations relating to the auxiliary strap means to "require three separate pieces of material that are attached to one another: a stretchable center section and two relatively non-stretchable end sections on either end of the center section. The center section must be made of a stretchable material that is different from the relatively non-stretchable material that comprises the end sections." Based upon that construction, the district court ruled that this limitation was not present in the accused straps because "the alleged center and end sections of the Targus straps are not made of different material." The court also ruled that the limitation was not met under the doctrine of equivalents, because "the unitary piece of

material that comprises the Targus auxiliary strap means is the fundamental opposite of the separate pieces and different material required by the '388 Patent."

On appeal, Comfort Strapp argues that, in construing the "auxiliary strap means" limitation, the district court should have consulted general purpose dictionaries, which define "separate" to mean "dissimilar in nature or identity," and "material" to mean "matter that has qualities that give it individuality and by which it may be categorized." Thus, Comfort Strapp seeks a claim construction that emphasizes the functional attributes rather than the chemical composition of the auxiliary strap means and its component sections.

Under this claim construction, Comfort Strapp urges, summary judgment of literal infringement was inappropriate because the auxiliary strap of the accused Targus straps have separate center and end sections made of different materials:  the center section is made of a single-ply fabric that is longitudinally stretchable, and the end sections are made of relatively non-stretchable material because they are double-ply stitched sections.  In any event, argues Comfort Strapp, the district court should not have granted summary judgment of non-infringement under the doctrine of equivalents because the single-ply center section and double-ply end sections made of the same fabric are arguably functionally equivalent to center and end sections made of different fabrics, thus creating a genuine issue of material fact properly reserved for the jury.

V.

We see no error in the district court's construction of the "auxiliary strap means" limitation of claim 1.  In our view, the plain meaning of the claim language requires that the center and end sections be composed of different materials.  The limitation refers to

the end sections being "<u>made</u> of a relatively non-stretchable material" and the center section being "<u>made</u> of material which is longitudinally stretchable" (emphasis added). At the same time, the center and end sections are both described as being "separate" from each other. The most persuasive reading of the claim language is that the center and end sections are constructed of different materials. We reject Comfort Strapp's proposed construction as inconsistent with this plain meaning.

Under its claim construction, with which we agree, the district court correctly granted summary judgment of no literal infringement. Because Targus's accused straps consist of a single fabric, no reasonable juror could find literal infringement of Claim 1, which requires center and end sections made of different materials.

Neither did the district court err in granting summary judgment of no infringement under the doctrine of equivalents. We agree that there exist more than "insubstantial differences" between the accused products and the claimed invention; this precludes a finding of infringement under the doctrine of equivalents. See <u>Graver Tank & Mfg. Co. v. Linde Air Products Co.</u>, 339 U.S. 605, 610 (1950) (requiring mere "insubstantial" differences for the doctrine of equivalents to apply). As the district court found, the Targus strap, which has an auxiliary strap means composed of a single unitary material made of the same fabric, is the fundamental opposite of the claimed invention, in which the auxiliary strap means requires separate sections made of different materials. Likewise, a finding of infringement under the doctrine of equivalents would impermissibly vitiate claim limitations. See <u>Freedman Seating Co. v. Am. Seating Co.</u>, 420 F.3d 1350, 1358 (Fed. Cir. 2005) ("[A]n element of an accused product or process is not, as a matter of law, equivalent to a limitation of the claimed invention if such a

finding would entirely vitiate the limitation."). Here, Claim 1 requires separate center and end sections that are made of different materials; finding equivalence with a single strap lacking separate sections and different materials would impermissibly vitiate this limitation.

Finally, in the absence of direct infringement, Targus could not be liable for inducement of infringement. Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

For the foregoing reasons, we affirm the district court's grant of summary judgment of non-infringement in favor of Targus.